UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HORTENSE S. WHITE,<br><br>            Petitioner,<br><br>    v.<br><br>McBANN MILLER, Warden,<br><br>            Respondent. | 1:13-cv-01115 GSA HC<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[THIRTY DAY DEADLINE] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 17, 2013, she filed a federal habeas petition in this Court.  On August 1, 2013, she filed a civil rights complaint in this case which the Court assumes is an attempt to amend the petition.

**DISCUSSION**

I.  Preliminary Review of Petition

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  The Advisory

1

Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Failure to State a Cognizable Claim

Petitioner must state her claim with sufficient specificity. See Hendricks v. Vasquez, 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979).  Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The petition and the civil rights complaint filed in this case are unintelligible.  The Court is aware of the numerous filings by Petitioner in other cases in this Court.  In every case, Petitioner is informed of the deficiencies in her pleadings and granted opportunities to cure them.  However, none of the pleadings are coherent or intelligible.  The instant claims must be dismissed for the same reasons.  In light of the nature and content of Petitioner's allegations, and further considering Petitioner's repeated failure to allege intelligible, cognizable claims despite having filed two petitions in this case and numerous petitions in other cases, the Court concludes that it does not appear that Petitioner could state tenable claims for relief if leave to amend were again granted. Accordingly, it will be recommended that the petition be dismissed without leave to amend.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to randomly assign a District Judge to this case.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the assigned District Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after date of service of this Findings and Recommendation, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 15, 2013**                               **/s/ Gary S. Austin**
                                                                              UNITED STATES MAGISTRATE JUDGE